UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GURKIM HUNDAL,<br><br>                    Plaintiff,<br><br>-against-<br><br>SEVANA PETROSIAN; SEV AESTHETICS, INC.; KAYLA CRICHLOW,<br><br>                    Defendants. | 24-CV-5884 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action *pro se*. She invokes the Court's diversity and federal question jurisdiction. 28 U.S.C. §§ 1331, 1332. Plaintiff asserts claims arising from a laser treatment that she received in West Hollywood, California. For the following reasons, the Court transfers this action, under 28 U.S.C. § 1406, to the United States District Court for the Central District of California.

## DISCUSSION

Under the general venue provision, a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For purposes of venue, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff brings this suit against Defendants SEV Aesthetics, Inc., its owner, Sevana Petrosian, and an employee at the West Hollywood site, Kayla Crichlow. Plaintiff alleges that all Defendants are citizens of California for purposes of diversity jurisdiction. (ECF 1 at 2.)

Venue is not proper in this district under Section 1391(b)(1) based on the residence of Defendants because all defendants are not residents of this district. Venue is also not proper in this district under Section 1391(b)(2) because Plaintiff alleges that the events giving rise to her claims took place in West Hollywood, California, outside this district.

If a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in West Hollywood, Los Angeles County, California, which is in the Central District of California. *See* 28 U.S.C. § 84(c)(2). Accordingly, venue is proper in the Central District of California, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Central District of California, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action, under 28 U.S.C. § 1406(a), to the United States District Court for the Central District of California, Western Division. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 6, 2024
             New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge